# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

**THOMAS M. JOHNSON, III**

\* Debtors

| | |
|---|---|
| Chapter: | **11** |
| Case Number: | **1-10-bk-01151 RNO** |
| Document No.: | **338** |
| Nature of Proceeding: | **Fourth Amended Plan** |

# ORDER CONFIRMING FOURTH AMENDED PLAN

The Fourth Amended Plan filed by Thomas M. Johnson, III, filed on April 3, 2012, or a summary thereof, having been transmitted to affected creditors; and,

After consideration of the Report of Voting filed by the Debtor on April 3, 2012, and after consideration of the representations of counsel for the Debtor that the requirements of 11 U.S.C. § 1129(a) and (b) have been satisfied, it is

ORDERED that the Fourth Amended Plan of Reorganization is hereby confirmed.

A copy of the confirmed plan is attached.

By the Court,

*Robert N. Opel II*
_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Date: April 4, 2012

MDPA-ABLANK2.WPT - REV 11/04

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                        :
      **THOMAS M. JOHNSON, III,**     :      **CASE NO. 1-10-BK-01151-RNO**
                             :
      **Debtor-in-Possession**         :      **CHAPTER 11**


## <u>DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE</u>


Craig A. Diehl, Esquire
Law Offices of Craig A. Diehl
3464 Trindle Road
Camp Hill, PA  17011
(717) 763-7613

Attorney for THOMAS M. JOHNSON, III
Debtor-in-Possession

Dated:  April 3, 2012

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

SUMMARY OF THE PLAN OF REORGANIZATION ................................................ 1

ARTICLE 1
      Definitions, Rules of Interpretation and Computation of Time ................................. 2
      1.1    Scope of Definitions............................................................................... 2
      1.2    Definitions................................................................................................ 3
            1.2.1    Administrative Expense Claim................................................. 3
            1.2.2    Allowed Administrative Expense Claim........................................ 3
            1.2.3    Allowed Amount....................................................................... 3
            1.2.4    Allowed Claim........................................................................... 4
            1.2.5    Allowed Priority Non-Tax Claim.............................................. 4
            1.2.6    Allowed Priority Tax Claims.................................................... 4
            1.2.7    Allowed Secured Claim........................................................... 5
            1.2.8    Allowed Unsecured Claim........................................................ 5
            1.2.9    Bankruptcy Code...................................................................... 5
            1.2.10    Bankruptcy Court...................................................................... 5
            1.2.11    Bankruptcy Rules...................................................................... 5
            1.2.12    Causes of Action...................................................................... 5
            1.2.13    Chapter 11 Case........................................................................ 5
            1.2.14    Claim........................................................................................ 6
            1.2.15    Claimant................................................................................... 6
            1.2.16    Class........................................................................................ 6
            1.2.17    Confirmation Date..................................................................... 6
            1.2.18    Confirmation Order................................................................... 6
            1.2.19    Debtor...................................................................................... 6
            1.2.20    Disallowed Claim..................................................................... 6
            1.2.21    Disputed Claim......................................................................... 7
            1.2.22    Distribution Agent..................................................................... 7
            1.2.23    Effective Date.......................................................................... 7
            1.2.24    Estate....................................................................................... 7
            1.2.25    Face Amount............................................................................ 7
            1.2.26    Fee Request.............................................................................. 8
            1.2.27    Final Order............................................................................... 8
            1.2.28    Petition Date............................................................................. 8
            1.2.29    Plan.......................................................................................... 8
            1.2.30    Professional Person.................................................................. 8
            1.2.31    Property................................................................................... 8
            1.2.32    Pro-Rata.................................................................................. 8
            1.2.33    Schedules................................................................................. 9

ARTICLE 2

Classification of Claims and Interests ………………………………………………… 9
2.1     Introduction…………………………………………………………………….. 9
2.2     List of Classes of Claims and Interests………………………………………… 9
        2.2.1 Unimpaired Classes of Claims (Not Entitled to Vote on the Plan)…………. 9
                        2.2.1.1a   Class 1a – Association of Apartment Owners of
                                   Ala Moana Hotel Condominium………………………… 9
                        2.2.1.1b   Class 1b – Association of Apartment Owners of
                                   Ko'olani ………………………………………………… 9
                        2.2.1.2    Class 9 – Association of Apartment Owners of
                                   Waipouli Beach Resort………………………………… 10

        2.2.2 Impaired Classes of Claims and Interests (Entitled to Vote on the Plan)……. 10
                        2.2.2.1    Class 2 – Bank of America…………….…..……….............. 10
                        2.2.2.2    Class 3 – Bank of America…………………………………… 10
                        2.2.2.3    Class 4 – JP Morgan Chase Bank, N.A. f/k/a
                                   Chase Home Finance, LLC……………………..… 10
                        2.2.2.4    Class 5 – Green Plane Servicing, LLC………..…………… 10
                        2.2.2.5    Class 6 – Aurora Loan Services, LLC……………………… 10
                        2.2.2.6    Class 7 – EMC Mortgage Corp………………………………10
                        2.2.2.7    Class 8 – Central Pacific Bank………………………………10
                        2.2.2.8    Class 10 – BB&T………………………………………… 10
                        2.2.2.9    Class 11 – BB&T………………………………………… 10
                        2.2.2.10   Class 12 – Mortgage Capital Group, LLC …………………10
                        2.2.2.11   Class 13 – Michael H. Nekoba and Daryle S.H. Nekoba……. 10
                        2.2.2.12   Class 14 – Old Republic National Title Insurance Company... 10
                        2.2.2.13   Class 15 – Unsecured Creditors………………..……………… 10

        2.2.3 Assets Owned by Debtor………………………………………………… 10
                        2.2.3.1    Class 16 – Debtor's Interests…………….……...........…… 10

ARTICLE 3
        Treatment of Administrative Expense Claims and Tax Claims…………………..……....11

ARTICLE 4
        Treatment of Classified Claims and Interests ………………………………………... 11
4.1     Unimpaired Classes of Claims (Not Entitled to Vote on the Plan)……………….. 11
        4.1.1a Class 1a – Association of Apartment Owners of Ala Moana Hotel
                        Condominium……………………………………………… 11
        4.1.1b Class 1b – Association of Apartment Owners of Ko'olani……………… 12
        4.1.2   Class 9 – Association of Apartment Owners of Waipouli Beach Resort…. 12

4.2     Impaired Classes of Claims and Interests (Entitled to Vote on the Plan)…………..12
        4.2.1 Class 2 – Bank of America……………………………………………… 12
        4.2.2 Class 3 – Bank of America…………………………………..…………… 13

      4.2.3 Class 4 – JP Morgan Chase Bank, N.A. f/k/a Chase Home Finance, LLC….. 13
      4.2.4 Class 5 – Green Planet Servicing, LLC………..……………………………. 14
      4.2.5 Class 6 – Aurora Loan Services, LLC.………..…………………………… 14
      4.2.6 Class 7 – EMC Mortgage Corp…………………………………………………14
      4.2.7 Class 8 – Central Pacific Bank………..………………………………………15
      4.2.8 Class 10 – BB&T…………….………………………………………………… 15
      4.2.9 Class 11 – BB&T………….…………………………………………………… 15
      4.2.10 Class 12 – Mortgage Capital Group, LLC……………………………..……… 16
      4.2.11 Class 13 – Michael H. Nekoba and Daryle S.H. Nekoba………..………… 16
      4.2.12 Class 14 – Old Republic National Title Insurance Company……………… 16
      4.2.13 Class 15 – Unsecured, Non-Priority Creditors…….…………………………. 16
      4.2.14 Class 16 – Debtor's Interests……………………….…………………………. 16

ARTICLE 5
      Disputed Claims ……………………………………………………………………17

ARTICLE 6
      Miscellaneous Distribution Provisions …………………………………………… 17
      6.1     Amendment of Claims …………………………………………………… 17
      6.2     Transmittal of Distributed Property …………………………………… 17
      6.3     Distribution Agent ……………………………………………………… 18
      6.4     Disputed Payments ………………………………………………………18
      6.5     Withholding of Taxes …………………………………………………… 18
      6.6     Procedure for Making Payments ……………………………..................... 18

ARTICLE 7
      Means for Implementation of the Plan ……………………………………………..19
      7.1     Payments Under the Plan……………………………………………………19
      7.2     Fee Requests of Professional Persons ……………………………………19

ARTICLE 8
      Retention and Enforcement of Claims ……………………………………………20

ARTICLE 9
      Objections to Claims ……………………………………………….......................20

ARTICLE 10
      Executory Contracts and Unexpired Leases …………………………………… 20

ARTICLE 11
      Provisions of Confirmation Order …………………………………………………… 21

ARTICLE 12
      Effects of Plan Confirmation ………………………………………………………… 21
      12.1    Effect of Confirmation ………………………………………………… 21

        12.2    Discharge ……………………………………………………………………….. 21
        12.3    Pending Litigation ……………………………………………………………21
        12.4    Injunction. …………………………………………………………………… 22
        12.5    Continuation of Injunctions and Stays…………..………………..…………………23

ARTICLE 13
        Modification of the Plan ……………………………………………………………... 23
        13.1    Pre-Confirmation Amendment …………………………………………………… 23
        13.2    Post-Confirmation Amendment Not Requiring Resolicitation ……………………23
        13.3    Post-Confirmation/Pre-Consummation Amendment Requiring Resolicitation ……23

ARTICLE 14
        Cram-Down ………………………………………………………………………...24

ARTICLE 15
        Liquidation Analysis…………………………………...……………………………..…………..24

ARTICLE 16
        Retention of Jurisdiction…………….……...…………………………………..…………25

ARTICLE 17
        Miscellaneous    …………………………………………………………………... 26
        17.1    Headings and Underlinings …………………………………………………… 26
        17.2    Governing Law …………………………………………………………………… 27
        17.3    Successors and Assigns …………………………………………………… 27
        17.4    Notices   ……………………………………………………………………… 27
        17.5    Severability ………………………………………………………………... 27
        17.6    Consent/Waivers…..………………………………………………………………28

ARTICLE 18
        Prepayment of Claims ………………………………………………………………...28

ARTICLE 19
        Confirmation Order and Plan Control ……………………………………………… 28

ARTICLE 20
        Request for Confirmation …………………………………………………………… 29

# DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

The Debtor, Thomas M. Johnson, III, ("Debtor"), submits the following fourth amended plan of reorganization (the "Plan") pursuant to Section 1121(a) of the Bankruptcy Code, 11 U.S.C. §1121(a).

## INTRODUCTION

On February 16, 2010, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). At all times relevant hereto, Debtor has been in possession of his assets pursuant to sections 1107 and 1108 of the Bankruptcy Code, 11 U.S.C. §1107 and 1108. Debtor believes that an orderly payment of his obligations will result in the greatest financial benefit to creditors and others in the Chapter 11 case.

## SUMMARY OF THE PLAN OF REORGANIZATION

The Plan provides for various payments to the Debtor's creditors through cram downs of mortgage indebtedness to the value of the real estate holdings and loan modifications of the amortization terms and interest rates. A detailed discussion of the Plan and its implementation is contained in a Disclosure Statement which is being filed contemporaneously with the filing of the Plan. Pursuant to Section 1125 of the Bankruptcy Code, nothing stated in the Plan should be construed as constituting a solicitation for acceptances of the Plan until such time as the Disclosure Statement has been approved by the Bankruptcy Court and distributed to holders of Claims, as defined in Article 1 of this Plan. The Plan divides the holders of various Claims and Interests into sixteen (16) Classes and provides different treatment for each Class. The holder of

1

a Claim or Interest may only participate in the Plan and receive the treatment offered to the Class in which it is classified if that holder's Claim has been allowed. The Plan sets forth a six (6) year repayment obligation with a $1,800.00 monthly payment for the unsecured, non-priority creditors (Class 15), payment of outstanding tax obligations over sixty (60) months, and payments to the other Classes as specifically set forth herein.

Both the Plan and the Disclosure Statement should be read in their entirety before creditors and parties in interest vote either to accept or reject the Plan. The Debtor urges that creditors and parties in interest, in reviewing this Plan and the Disclosure Statement, consult with counsel. Creditors and parties in interest should not rely on any representations or statements made by the Debtor not contained in either the Plan or the Disclosure Statement.

# ARTICLE 1

## Definitions, Rules of Interpretation and Computation of Time

1.1 **Scope of Definitions**. For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Article 1 of the Plan. Any term used in the Plan that is not otherwise defined herein, but that is defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, all such terms, whether or not specifically defined, shall include the plural as well as the singular form, the masculine gender shall include the feminine and the feminine shall include the masculine.

2

1.2 **Definitions**

1.2.1 <u>Administrative Expense Claim</u>: A Claim for payment of an administrative expense of a kind specified in Section 503(b) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code.

1.2.2 <u>Allowed Administrative Expense Claim</u>: An Administrative Expense Claim entitled to payment of an Allowed Amount.

1.2.3 <u>Allowed Amount</u>: With respect to a particular Claim or any portion thereof: (a) if the holder of such Claim has not filed a proof of claim as prescribed by the Bankruptcy Court within the applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Court or other applicable law, the amount of such Claim that is listed in the Schedules as being not disputed, contingent or unliquidated; (b) if the holder of such Claim has filed a proof of claim as prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Court or other applicable law within the applicable period of limitation fixed by the Bankruptcy Court: (i) the amount stated in such proof of claim, if no objection to such proof of claim has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Court or other applicable law; or (ii) such amount as shall be fixed by a Final Order of the Bankruptcy Court, if an objection has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Court or other applicable law; or (c) the amount of such Claim as shall be fixed pursuant to this Plan. "Allowed Amount" shall not include any interest on a Claim which has accrued after the Filing Date, except as expressly provided for in the Plan or pursuant to a Final Order of the Bankruptcy Court.

1.2.4  <u>Allowed Claim</u>: A Claim or any portion thereof, (a) proof of which was filed on or before the date designated by the Bankruptcy Court as the last day for filing proofs of claims against the Debtor, or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor in his Schedules in a liquidated amount and as not disputed or contingent, (b) as to which no objection to its allowance has been filed within the period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or by any Final Order of the Bankruptcy Court, or as to which an objection has been filed and such Claim has been allowed in whole or in part by a Final Order or such objection has been settled or withdrawn, and (c) the amount of which has been liquidated and the liability therefore deemed non-contingent.  Provided, however, that, pursuant to Section 502(d) of the Bankruptcy Code, 11 U.S.C. §502(d), no claim shall be Allowed on behalf of any entity from which the Court has determined that property is recoverable under Section 542, 543, 550, or 553 of the Bankruptcy Code, or that is a transferee of a transfer avoidable under Section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable to the Estate.

1.2.5  <u>Allowed Priority Non-Tax Claim</u>: An Allowed Claim which has priority under Section 507 of the Bankruptcy Code other than Claims set forth in Section 507(a)(2) and 507(a)(8) of the Bankruptcy Code.

1.2.6  <u>Allowed Priority Tax Claims</u>: An Allowed Claim of a governmental entity which is entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

1.2.7    Allowed Secured Claim: An Allowed Claim which is secured by a lien, security interest or other charge against property in which the Debtor has an interest.

1.2.8    Allowed Unsecured Claim: An Allowed Claim which is not secured by a lien, security interest or other charge against property in which the Debtor has an interest and which is not subject to setoff under Section 553 of the Bankruptcy Code; or that portion of an Allowed Claim which is secured by a valid perfected security interest in collateral which exceeds the value of the collateral.  Allowed Unsecured Claims do not include Allowed Administrative Expense Claims, Allowed Priority Non-Tax Claims or Allowed Priority Tax Claims.

1.2.9    Bankruptcy Code: The Bankruptcy Code as codified in Title 11 of the United States Code, and all amendments thereto.

1.2.10   Bankruptcy Court: The United States Bankruptcy Court for the Middle District of Pennsylvania, Harrisburg Division, or, to the extent the reference of this proceeding is withdrawn, the United States District Court for the Middle District of Pennsylvania or such other court which may have jurisdiction over the Chapter 11 Case.

1.2.11   Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. §2075.

1.2.12   Causes of Action: All suits, actions or proceedings instituted to recover or avoid any transfers and Section 544 of the Bankruptcy Code, preferential transfers under Section 547 of the Bankruptcy Code, fraudulent transfers under Section 548 of the Bankruptcy Code or post-petition transfers under Section 549 of the Bankruptcy Code.

1.2.13   Chapter 11 Case: The case filed by the Debtor under Chapter 11 of the Bankruptcy Code pending in the Bankruptcy Court at Case No. 1-10-bk-01151-RNO.

5

1.2.14 <u>Claim</u>: A right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against the Debtor whether or not asserted against the Debtor and whether or not such right is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, secured or unsecured as defined in Section 101(5) of the Bankruptcy Code.

1.2.15 <u>Claimant</u>: A Person holding a Claim.

1.2.16 <u>Class</u>: Any group of substantially similar Claims or Interests as classified herein pursuant to Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

1.2.17 <u>Confirmation Date</u>: The date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.2.18 <u>Confirmation Order</u>: The Order entered by the Bankruptcy Court confirming the Plan.

1.2.19 <u>Debtor</u>:  Thomas M. Johnson, III, the Debtor-in-Possession in this proceeding.  Debtor is a married individual.

1.2.20 <u>Disallowed Claim</u>: (a) A Claim, or any portion thereof, that has been disallowed by a Final Order of the Bankruptcy Court; (b) a Claim that is scheduled at zero or as contingent, disputed or unliquidated as to which no proof of claim has been filed before the date designated by the Bankruptcy Court by Final Order, the Bankruptcy Code, the Bankruptcy Rules or other applicable law as the last day for filing Claims against the Debtor; or (c) a Claim that has not been scheduled and as to which no proof of claim has been filed before the date designated by the Bankruptcy Court by Final Order, the Bankruptcy Code, the Bankruptcy Rules or other applicable law as the last day for

6

filing Claims against the Debtor or as to which a proof of claim has been filed in zero amount.

1.2.21  Disputed Claim: Any alleged Claim that has been Scheduled or as to which a proof of claim has been filed to the extent such claim is neither an Allowed Claim nor a Disallowed Claim.

1.2.22  Distribution Agent: Craig A. Diehl, Esquire, C.P.A., shall make disbursements under this Plan.

1.2.23  Effective Date: The date ten (10) days after the Confirmation Date.

1.2.24  Estate: The estate created in the Chapter 11 Case pursuant to Section 541 of the Bankruptcy Code.

1.2.25  Face Amount: With respect to a particular Claim: (a) if the holder of such Claim has not filed a proof of claim as prescribed by the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules or other applicable law within the applicable period of limitation fixed by the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules or other applicable law, the amount of such Claim that is listed in the Debtor's Schedules, as not disputed, contingent or unliquidated; (b) if the holder of such Claim has filed a proof of claim as prescribed by the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules or other applicable law within the applicable period of limitation that has been fixed, and such Claim is not the subject of a Final Order of the Bankruptcy Court, as provided in clause (c) below, the amount stated in such proof of claim; (c) such amount as shall be fixed or estimated by a Final Order of the Bankruptcy Court; or (d) in all other cases, zero ($0.00).

7

1.2.26   Fee Request: A request for compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331 or 503(b) of the Bankruptcy Code in connection with an application made to the Bankruptcy Court.

1.2.27   Final Order: An order or judgment entered by the Bankruptcy Court or any other court of competent jurisdiction over the subject matter and the parties (a) which is in full force and effect and which has not been stayed (and as to which no stay of enforcement is in effect pursuant to Federal Rules of Bankruptcy Procedure 3020, 4001, 6004, 6006 and 7062), reversed, modified or amended, (b) as to which the time to appeal or seek certiorari, review or rehearing has expired (without regard to whether the time to seek relief from a judgment under Bankruptcy Rule 9024 has expired) and (c) as to which no appeal or petition for certiorari, review or rehearing that was timely filed is pending.

1.2.28   Petition Date:  February 16, 2010, the date on which the Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code.

1.2.29   Plan: This Plan of Reorganization as amended, modified, or altered in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Court Order.

1.2.30   Professional Person:  Attorneys, accountants, appraisers, auctioneers, consultants, or other professionals within the meaning of Section 327 of the Bankruptcy Code.

1.2.31   Property: All real, personal, and intangible property, together with all associated improvements, fixtures, or proceeds, owned by the Debtor, wherever located.

1.2.32   Pro-Rata: With respect to any payment or other distribution to be divided among and distributed to the holders of the Claims or Interests of any Class designated

8

herein, the amount which any Allowed Claim or Interest of any such holder bears in proportion to the total amount of all of the Allowed Claims or Interests of such Class.

1.2.33  Schedules: The schedules of assets and liabilities filed by the Debtor with the Bankruptcy Court, as they may have been or may be amended or supplemented on or prior to the Effective Date.

**ARTICLE 2**
**Classification of Claims and Interests**

2.1      **Introduction**.  All Claims and Interests, except Administrative Expense Claims are placed in the Classes set forth below.  In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims have not been classified and, thus, are excluded from the classes set forth below.

A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class, and is classified in other Classes to the extent that any remainder of the Claim or Interest qualifies within the description of such other Classes.  A Claim or Interest is also classified in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim or Interest in that Class, and such Claim or Interest has not been paid, released or otherwise settled prior to the Effective Date.

2.2      **List of Classes of Claims and Interests**.

2.2.1      Unimpaired Classes of Claims (Not Entitled to Vote on the Plan):

2.2.1.1a      *Class 1a – Association of Apartment Owners of Ala Moana Hotel Condominium*

2.2.1.1b      *Class 1b – Association of Apartment Owners of Ko'olani.*

9

2.2.1.2    *Class 9 – Association of Apartment Owners of Waipouli Beach Resort*

2.2.2    <u>Impaired Classes of Claims and Interests (Entitled to Vote on the Plan)</u>:

2.2.2.1    *Class 2 - Bank of America.*

2.2.2.2    *Class 3 – Bank of America.*

2.2.2.3    *Class 4 – JP Morgan Chase Bank, N.A. f/k/a Chase Home Finance, LLC*

2.2.2.4    *Class 5 – Green Planet Servicing, LLC.*

2.2.2.5    *Class 6 – Aurora Loan Services, LLC.*

2.2.2.6    *Class 7 – EMC Mortgage Corp.*

2.2.2.7    *Class 8 – Central Pacific Bank.*

2.2.2.8    *Class 10 – BB&T*

2.2.2.9    *Class 11 – BB&T*

2.2.2.10    *Class 12 - Mortgage Capital Group, LLC*

2.2.2.11    *Class 13 – Michael H. Nekoba and Daryle S.H. Nekoba*

2.2.2.12    *Class 14 – Old Republic National Title Insurance Company*

2.2.2.13    *Class 15 – Unsecured Creditors.*

2.2.3    <u>Assets Owned by Debtor</u>:

2.2.3.1    *Class 16 – Debtor's Interests.*

# ARTICLE 3

## **Treatment of Administrative Expense Claims and Tax Claims**

Each holder of an Allowed Administrative Expense claim shall receive upon ten (10) days following the date on which Bankruptcy Court approval of a fee application filed on behalf of such holder became a Final Order, payment in full.

Each holder of a tax claim shall receive the actual tax amount plus statutory interest over a five (5) year period. Monthly payments of Nine Hundred Seventy-Five Dollars ($975.00) shall be paid for outstanding tax obligations. Debtor shall remain current on the filing of all post-petition/post-confirmation returns and payment of the post-petition/post-confirmation taxes. In the event of default by Debtor of any provisions of the Plan concerning his tax obligations, after thirty (30) days written notice of the default and failure of Debtor to cure, the entire amount owed to the tax agency shall be immediately due and owing, and the tax agency may proceed with any remedies otherwise available to it under state law, including but not limited to usual tax collection procedures, conversion or dismissal under 11 USC §1112(b).

# ARTICLE 4

## **Treatment of Classified Claims and Interests**

4.1     **Unimpaired Classes of Claims (Not Entitled to Vote on the Plan)**.

4.1.1a *Class 1a – Association of Apartment Owners of Ala Moana Hotel Condominium.* Class 1a consists of the claim of the Association of Apartment Owners of Ala Moana Hotel Condominium. The Association holds a secured claim of Seven Thousand Two Hundred Dollars ($7,200.00) against 410 Atkinson Drive #3319, Honolulu, Hawaii, with the remaining balance being a continuing

11

lien on the property pursuant to Hawaii statutes.  Debtor shall pay the sum of One Thousand Six Hundred Dollars ($1,600.00) per month until the balance is fully paid.  Post-Petition arrearages shall be paid in full on or before March, 2013, with monthly payments of Two Thousand One Hundred Dollars ($2,100.00).

4.1.1b  *Class 1b – Association of Apartment Owners of Ko'olani.*  Class 1b consists of the claim of the Association of Apartment Owners of Ko'olani.  The Association holds a secured claim of Seven Thousand Two Hundred Dollars ($7,200.00) against 1177 Queen Street #3705, Honolulu, Hawaii with the remaining balance being a continuing lien on the property pursuant to Hawaii statutes.  Debtor shall pay the sum of Five Hundred Seventy-Five Dollars ($575.00) per month until the balance is fully paid.

4.1.2  *Class 9 – Association of Apartment Owners of Waipouli Beach Resort.* Class 9 consists of the claim of the Association of Apartment Owners of Waipouli Beach Resort.  The Association holds a secured claim of Seven Thousand Two Hundred Dollars ($7,200.00) against 4-820 Kuhio Highway #203, Kapaa, Hawaii, with the remaining balance being a continuing lien on the property pursuant to Hawaii statutes.  Debtor shall pay the sum of Six Hundred Dollars ($600.00) per month until the balance is fully paid.

4.2  **Impaired Classes of Claims and Interests (Entitled to Vote on the Plan)**.

4.2.1  *Class 2 – Bank of America.*  Class 2 consists of the secured claims of Bank of America.  Bank of America holds a first and second mortgage in real estate identified as 520 Lunalilo Home Road #104, Honolulu, Hawaii 96825. Debtor-in-Possession intends to pay Bank of America a cram down value of $950,000.00 at

a fixed rate of interest of three percent (3.25%) over the remaining term of the first mortgage.  The holder of Class 2 claims are impaired and entitled to vote.

4.2.2  *Class 3 –Bank of America.*  Class 3 consists of the secured claims of Bank of America.  Bank of America holds first and second mortgage in real estate identified as 1177 Queen Street #3705, Honolulu, Hawaii.  Debtor-in- Possession and Bank of America have agreed upon repayment terms of a principal balance of Seven Hundred Twenty-Five Thousand Dollars ($725,000.00) at a fixed rate of three percent (3.0%) for the remaining term of the first mortgage.  The holder of Class 3 claims are impaired under the Plan and entitled to vote.

4.2.3  *Class 4: JP Morgan Chase Bank, N.A. f/k/a/ Chase Home Finance, LLC.*  Class 4 consists of the secured claim of JP Morgan Chase Bank, N.A. JP Morgan Chase Bank, N.A. holds a second mortgage in real estate identified as 410 Atkinson Drive #3319, Honolulu, Hawaii.  Debtor-in-Possession intends to pay JP Morgan Chase Bank, N.A a cram down value of $512,000.00 (See appraisal attached to Disclosure Statement) at a variable rate of prime rate plus 1.25% amortized for thirty (30) years with a five (5) year balloon payment.  The interest rate equates to current market rates for commercial loans.   Debtor intends to refinance prior to the balloon payment or seek an extension of the balloon payment if JP Morgan Chase Bank, N.A is interested at that time.  JP Morgan Chase Bank, N.A. was granted relief from the automatic stay on or about February 24, 2011.   Confirmation of Debtor's Second Amended Plan of Reorganization shall not bind JP Morgan Chase Bank, N.A. to re-impose the automatic stay.  The holder of Class 4 claim is impaired and entitled to vote.

13

4.2.4   *Class 5 – Green Planet Servicing, LLC.*   Class 5 consists of the secured claim of Green Planet Servicing, LLC.   Green Planet Servicing, LLC holds a second mortgage in real estate identified 4-820 Kuhio Highway #C203, Kapaa, Hawaii.  Debtor-in-Possession intends to pay Green Plant Servicing, LLC, a cram down value of $343,000.00 (See appraisal attached to Disclosure Statement) at a variable rate of prime rate plus 1.25% amortized for thirty (30) years with a five (5) year balloon payment.  The interest rate equates to current market rates for commercial loans.  Debtor intends to refinance prior to the balloon payment or seek an extension of the balloon payment if Green Planet Servicing, LLC is interested at that time.  The holder of the Class 5 claim is impaired under the Plan and entitled to vote.

4.2.5   *Class 6 – Aurora Loan Services, LLC.*   Class 6 consists of the secured claim of Aurora Loan Services, LLC.  Aurora Loan Services, LLC holds a second mortgage in real estate identified as 1250 Ocean Drive, 3F, Miami, Florida. Debtor-in-Possession intends to pay Aurora Loan Services, LLC a cram down value of $335,000.00 at five percent (5%) per annum amortized for twenty-five (25) years.  The holder of Class 6 claim is impaired and entitled to vote.

4.2.6   *Class 7 – EMC Mortgage Corp.*   Class 7 consists of the secured claims of EMC Mortgage Corp. EMC Mortgage Corp. holds a first and second mortgage in real estate identified as 5543 Kalanianaole Highway, Honolulu, Hawaii.  Debtor-in-Possession intends to pay EMC Mortgage Corp. a cram down value of $1,900,000.00 at a fixed rate of interest at 4.25% amortized for thirty (30) years with a maturity date of May 1, 2042.  Furthermore, Debtor will cure the post-

14

petition administrative escrow arrearages totaling Thirty-One Thousand Seven Hundred Eleven Dollars and Five Cents ($31,711.05) over a sixty (60) month period with monthly payments of Five Hundred Twenty-Eight Dollars and Eighteen Cents ($528.18). Additionally, due to post-petition arrearages accumulating, Debtor and EMC Mortgage Corp. have agreed that the loan balance at Plan confirmation shall equal One Million Nine Hundred Thousand Dollars ($1,900,000.00) plus the post-petition arrearages. The remaining terms set forth shall continue to apply. The interest rate equates to current market rates for commercial loans. The holder of Class 7 claims is impaired and entitled to vote.

4.2.7   *Class 8 – Central Pacific Bank.*   Class 8 consists of the claim of Central Pacific Bank. Central Pacific Bank holds a second mortgage on 4-820 Kuhio Highway #203, Kapaa, Hawaii. The claim is fully undersecured and will fall into Class 15. The holder of Class 8 claim is impaired under the Plan and entitled to vote.

4.2.8   *Class 10 – BB&T.*   Class 10 consists of a claim of BB&T. Debtor intends to liquidate and/or surrender the property. The holder of Class 10 is impaired and entitled to vote.

4.2.9   *Class 11 – BB&T.*   Class 11 consists of a claim of BB&T. Debtor intends to liquidate and/or surrender the property. The holder of Class 11 is impaired and entitled to vote.

4.2.10 *Class 12 - Mortgage Capital Group, LLC.* Class 12 consists of the secured claim of Mortgage Capital Group, LLC. Mortgage Capital Group, LLC holds a second or third mortgage on real estate identified as 410 Atkinson Drive #3319, Honolulu, Hawaii. The mortgage is fully undersecured and will be placed in Class 15. The holder of Class 12 claim is impaired and entitled to vote.

4.2.11 *Class 13 – Michael H. Nekoba and Daryle S.H. Nekoba.* Class 13 consists of the secured claim of Michael H. Nekoba and Daryle S.H. Nekoba. The Nekobas have a third mortgage on 1177 Queen Street, Honolulu, Hawaii. The mortgage is fully undersecured and will be placed in Class 15. The holder of Class 13 claim is impaired and entitled to vote.

4.2.12 *Class 14 – Old Republic National Title Insurance Company.* Class 14 consists of the secured claim of Old Republic National Title Insurance Company. Old Republic has two (2) equity line of credit facilities. The mortgages are fully undersecured and will be placed in Class 15. The holder of Class 14 claim is impaired and entitled to vote.

4.2.13 *Class 15 – Unsecured, Non-Priority Creditors.* Class 15 consists of the allowed unsecured claims. Debtor shall pay $1,800.00 per month into the Plan for seventy-two (72) months to distribute pro-rata to these creditors.

4.2.14 *Class 16 – Debtor's Interests.* Debtor shall retain his interests in the assets listed.

16

# ARTICLE 5

## Disputed Claims

No distribution shall be made under the Plan on account of any Disputed Claim, unless and until such claim becomes an Allowed Claim.

# ARTICLE 6

## Miscellaneous Distribution Provisions

6.1 **Amendment of Claims**. A Claim may be amended prior to the Confirmation Date only as agreed upon by the Debtor and the holder of such Claim or as otherwise permitted by the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules or applicable law. After the Confirmation Date, a Claim may be amended to decrease, but not increase, the amount thereof.

6.2 **Transmittal of Distributed Property**. Except as may otherwise be agreed to by the holder of a particular Claim, any property to which such holder shall become entitled under the provisions of this Plan, shall be delivered to such holder by regular mail, postage prepaid, in an envelope addressed to such holder as he or his authorized agent may direct in a request filed, on or before the Effective Date, with the Bankruptcy Court, but if no such request is filed, to the address shown in the Debtor's Schedules, or, if a different address is stated in a proof of claim duly filed by such holder, to such address. In all cases where delivery or distribution of any property is effectuated by mail, the date of delivery or distribution shall be the date of mailing. Property delivered in accordance with this section will be deemed delivered to the holder regardless of whether such property is actually received by such holder.

17

6.3    **Distribution Agent**.  Counsel for Debtor, Craig A. Diehl, Esquire, C.P.A., shall act as the Distribution Agent.  The Distribution Agent shall be entitled to reasonable compensation from the Distribution Fund for services rendered pursuant to his appointment.  The Distribution Agent shall be entitled to compensation without approval by the Bankruptcy Court, provided that the Distribution Agent serves a copy of a detailed invoice describing the services for which compensation is sought upon the Office of the United States Trustee, and said party receiving service has not moved for review of such compensation by the Bankruptcy Court within ten (10) days of such service.

6.4    **Disputed Payments**.  In the event that any dispute arises as to the right of any holder of an Allowed Claim to receive any payment or distribution to be made under the Plan, the Debtor may, in lieu of making such payment or distribution to such holder, pay such amount or make such distribution into an escrow account until the disposition thereof is determined by order of the Bankruptcy Court or by written agreement among the interested parties to such dispute.

6.5    **Withholding of Taxes**.  The Debtor shall not be required to deduct any federal, state or local withholding taxes from any payments made with respect to Allowed Claims.

6.6    **Procedure for Making Payments**.  All payments to the holders of Allowed Claims shall be made by check mailed to the holder by regular mail, postage prepaid, in an envelope addressed to such holder as he or his authorized agent may request by written request filed, on or before the Effective Date, with the Bankruptcy Court, but if no such request is filed on or before the Effective Date, to the address shown in the Debtor's Schedules, or, if a different address is stated in a proof of claim duly filed by the holder, to such address.  Payments made in accordance with this section will be deemed delivered to the holder upon mailing regardless of

whether such payment is actually received by the holder. In the event any payments are returned as undeliverable or if the payment check has not been negotiated for a period of sixty (60) days after mailing, the Debtor shall make reasonable efforts to ascertain a current address for the holder of the Allowed Claim for a period of no fewer than one hundred twenty (120) days after payment was originally sent. Thereafter, if the current address of the holder has not been ascertained, or the payment check has not been negotiated, within such one hundred twenty (120) day period, the payment check shall be void, and the funds evidenced by the check shall be forfeited.

## ARTICLE 7

### Means for Implementation of the Plan

7.1 **Payments Under the Plan**. Debtor intends to use future earnings and rental income to fund the Plan.

7.2 **Fee Requests of Professional Persons**. Any and all Professional Persons retained or requesting compensation pursuant to Sections 327, 328, 330, 331 and 503(b) of the Bankruptcy Code for professional services performed and expenses incurred before the Confirmation Date shall file a Fee Request for final allowance of compensation and reimbursement of expenses with the Bankruptcy Court not later than twenty (20) days after the Confirmation Date. Objections to Fee Requests shall be filed, if at all, within twenty (20) days after a Fee Request is filed with the Bankruptcy Court. Not less than ten (10) days before the Confirmation Date, each Professional Person shall deliver to the Debtor by written notice an estimate of the fees and expenses for which such Professional Person shall apply in a Fee

Request.  Professional Persons shall not be required to file Fee Requests for professional services rendered and expenses incurred after the Confirmation Date.

## ARTICLE 8

### Retention and Enforcement of Claims

Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Debtor shall retain and may enforce his Causes of Action and any and all claims of the Debtor and/or the Debtor-in-Possession.

## ARTICLE 9

### Objections to Claims

Objections to the validity and/or amount of Claims shall be filed by the Debtor with the Bankruptcy Court on or before the tenth (10th) day following approval of the Debtor's Disclosure Statement.  The Debtor shall serve a copy of such objection upon the holder of the alleged claim to which it pertains.

## ARTICLE 10

### Executory Contracts and Unexpired Leases

All unexpired leases and executory contracts of the Debtor shall be assumed or rejected on or prior to the Confirmation Date.  All unexpired leases and executory contracts not expressly assumed by the Confirmation Date shall be deemed rejected.  Debtor assumes the executory contracts with Second Global BYO Corporation, Optek, Inc., and San Jose Builders, Inc.  Any claim for damages arising by reason of the deemed rejection of any executory contract shall be treated as an Allowed Unsecured Claim under the Plan provided that a proof of claim is filed with the Clerk of the Bankruptcy Court within thirty (30) days after the Effective Date and

20

provided that no objection is filed to such proof of claim within twenty (20) days after service of the proof of claim on counsel for the Debtor.  Nothing contained herein shall be deemed to be an admission by the Debtor that such rejection, in fact, gives rise to or results in a valid claim nor shall the Debtor be deemed to have waived any objections to such claim.

## ARTICLE 11

### Provisions of Confirmation Order

The Confirmation Order shall contain provisions (i) authorizing the Debtor to take or cause to be taken all actions necessary to enable it effectively to implement all of the provisions of the Plan; (ii) making the provisions of the Confirmation Order non-severable and mutually dependent; and (iii) that are in form and substance reasonably acceptable to the Debtor.

## ARTICLE 12

### Effects of Plan Confirmation

12.1    **Effect of Confirmation**.   Except as otherwise expressly provided in the Plan, pursuant to Sections 524 and 1141 of the Bankruptcy Code, on and after the Effective Date, the terms of this Plan shall bind all holders of Claims and Interests, whether or not they accept this Plan.

12.2    **Discharge**.  The discharge of the Debtor shall be governed by §1141(d)(5) of the Bankruptcy Code.

12.3    **Pending Litigation**.   In consideration of the treatment of, and consideration received by, holders of Allowed Claims and Allowed Interests, upon the Effective Date, any pending suit, action or other proceeding of any kind against the Debtor (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) shall be

21

dismissed and, from and after the Effective Date, all of the Debtor's creditors and parties in interest, shall be permanently enjoined from conducting or continuing in any matter, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against the Debtor.

        12.4   **Injunction**.  Except as otherwise expressly provided in the Plan, the Confirmation Order will provide that all Persons who have held, hold or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined on and after the Effective Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or any of his property; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtor, any of his property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, any of his property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (d) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, any of his property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; and (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

22

12.5    **Continuation of Injunctions and Stays**.    Unless otherwise provided, all injunctions or stays: (a) ordered in the Chapter 11 Case pursuant to Sections 105(a) or 362 of the Bankruptcy Code or otherwise, and (b) in existence on the Confirmation Date, shall end when the Chapter 11 Plan is confirmed.

## ARTICLE 13

### Modification of the Plan

13.1    **Pre-Confirmation Amendment**.    The Debtor may modify his Plan at any time prior to the entry of the Confirmation Order provided that the Plan, as modified, and the Disclosure Statement pertaining thereto, meet applicable Bankruptcy Code requirements.

13.2    **Post-Confirmation Amendment Not Requiring Resolicitation**.    After the Confirmation Date and before substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Debtor may modify his Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in the Confirmation Order, as may be necessary to carry out the purposes and effects of the Plan, provided that: (i) the Plan, as modified, meets applicable Bankruptcy Code requirements; (ii) the Debtor obtains approval of the Bankruptcy Court for such modification, after notice and a hearing; and (iii) such modification shall not materially and adversely affect the interests, rights or treatment of any Class of Allowed Claims under the Plan.

13.3    **Post-Confirmation/Pre-Consummation Amendment Requiring Resolicitation**. After the Confirmation Date and before substantial consummation of the Plan, as defined in Section 1101(2) of the Bankruptcy Code, the Debtor may modify his Plan in a way that materially or adversely affects the interest, rights or treatment of a Class of Claims provided that:

23

(i) the Plan, as modified, meets applicable Bankruptcy Code requirements; (ii) the Debtor obtains Bankruptcy Court approval for such modification, after notice and a hearing; (iii) such modification is accepted by at least two-thirds in amount, and more than one-half in number, of the Allowed Claims voting in such Class; and (iv) the Debtor complies with Section 1125 of the Bankruptcy Code with respect to the Plan as modified.

## ARTICLE 14

### Cram-Down

If all of the applicable requirements for confirmation of the Plan are met as set forth in Section 1129(a) of the Bankruptcy Code except subsection (8) thereof, the Debtor may request that the Bankruptcy Court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code, notwithstanding the requirements of subsection (8), on the basis that the Plan is fair and equitable and does not discriminate unfairly with respect to any non-accepting impaired Class or Classes of Claims or Interests.

## ARTICLE 15

### Liquidation Analysis

If this proceeding was converted to a Chapter 7, a zero percent (0%) pro-rata distribution would be made to unsecured, non-priority claims. The Plan, as set forth herein, proposes a pro-rata distribution to allowed unsecured, non-priority claims of $129,600.00. Accordingly, the proposed Plan is beneficial to Class 15 creditors.

24

## ARTICLE 16

### Retention of Jurisdiction

Notwithstanding confirmation of the Plan, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and relating to, this Chapter 11 Case and the Plan pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The Bankruptcy Court, without limitation, shall retain jurisdiction for the following purposes:

16.1 To hear and determine all objections to the allowance, estimation or classification of Claims and Interests both before and after the Confirmation Date and to allow or disallow, estimate or classify any Claims;

16.2 To hear, determine, allow and approve or to disapprove the payment of any Administrative Expenses and Fee Requests not previously allowed;

16.3 To hear and rule on any pending applications for assumption or rejection of executory contracts and unexpired leases and to determine the amount of damage, if any, suffered by a party to any rejected executory contract or unexpired lease whether rejected before or after the Confirmation Date and to allow or disallow any Claim resulting from the rejection of an executory contract or unexpired lease;

16.4 To hear and determine all applications, motions, adversary proceedings or contested matters initiated or commenced in the Bankruptcy Court by the Debtor or by any party in interest and pending on the Confirmation Date or filed prior to the Completion Date;

16.5 To enforce and interpret the Plan, to resolve any disputes arising under or in connection with the Plan, to effectuate payments under the Plan, and/or to compel performance of any Person in accordance with the provisions of the Plan;

25

16.6    To correct any defect, to cure any omission, or to reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary or advisable to carry out the intents and purposes of the Plan;

16.7    To issue and enforce any order necessary to carry out the Plan and to determine such other matters as may be provided in the Confirmation Order or otherwise deemed appropriate to accomplish its purposes;

16.8    To hear, determine, and enforce recovery of any assets or bankruptcy causes pursued by the Debtor, or any entity acting on behalf of the Debtor with the permission of the Bankruptcy Court, or to authorize the prosecution of same in such other courts as may be required by law;

16.9    To hear and determine matters concerning state, local and federal taxes in accordance with Sections 346, 505 and 1146 of the Bankruptcy Code;

16.10   To hear any other matter not inconsistent with the Bankruptcy Code;

16.11   To consider any modification of the Plan under Section 1127 of the Bankruptcy Code; and

16.12   To enter a final decree closing the Chapter 11 Case.

## ARTICLE 17

### Miscellaneous

17.1    **Headings and Underlinings**.  The headings and underlinings in this Plan are for convenience of reference only and shall not limit, augment, or otherwise affect the meaning of the terms herein.

17.2 **Governing Law**. Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

17.3 **Successors and Assigns**. The rights, duties and obligations of any Person named or referred to in this Plan shall be binding upon and shall inure to the benefit of the heirs, successors and assigns of such Person.

17.4 **Notices**. When a notice, a report, or other document is required to be served on the Debtor under the provisions of the Plan, it shall be in writing and served by (i) hand delivery; (ii) certified United States mail, postage prepaid, return receipt requested; or (iii) overnight delivery service. All notices given to the Debtor shall be addressed as follows:

Craig A. Diehl, Esquire
Law Offices of Craig A. Diehl
3464 Trindle Road
Camp Hill, PA 17011-4436
(717) 763-7613 (Phone)
(717) 763-8293 (Facsimile)
cdiehl@cadiehllaw.com (E-Mail)

All notices to Claimants, notice shall be at the last known address according to the books and records of Debtor, or at any other address designated by a Claimant by the provision of written notice to Debtor.

17.5 **Severability**. Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan. To the extent that any provision of the Plan would, by its inclusion in the Plan, prevent or preclude the Bankruptcy Court from entering the Confirmation Order, the Bankruptcy Court, on its own initiative or upon the request of a party in interest, may modify or amend or permit the modification or amendment of such provision, in

27

whole or in part, as necessary to cure any defect or remove any impediment to the confirmation of the Plan existing by reason of such provision.

17.6   **Consent/Waivers**.  Wherever the Plan requires that a particular act be taken (or a particular act not be taken) with the consent of any Person or Persons or that a waiver be given, such consent or waiver shall be valid only if such consent or waiver has been given in writing and has been signed by the Person or Persons whose consent or waiver is required, or such Person's or Persons' duly authorized representative; provided, however, that any waivers given pursuant to the Plan may be given orally at any court hearing at which a transcript is taken, in lieu of any requirement of a writing.

## ARTICLE 18

### **Prepayment of Claims**

The Debtor reserves the right to prepay any or all of the payments set forth in the Plan without penalty.

## ARTICLE 19

### **Confirmation Order and Plan Control**

To the extent the Confirmation Order or the Plan is inconsistent with the Disclosure Statement or any agreement entered into between or among the Debtor and any third party, the Plan controls the Disclosure Statement and any such agreements and the Confirmation Order controls the Plan.

28

# ARTICLE 20

## **Request for Confirmation**

The Debtor, as proponent of the Plan, requests confirmation of the fourth amended Plan in accordance with Section 1129(a) or 1129(b) of the Bankruptcy Code.

By: /s/ THOMAS M. JOHNSON, III
Thomas M. Johnson, III,
Debtor-in-Possession

29