IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    THOMAS M. JOHNSON, III, | : | CASE NO. 1-10-bk-01151-RNO |
|          Debtor-in-Possession | : | |
| | : | |
| | : | CHAPTER 11 |
| | : | |
| ALAN POLLOCK, RICHARD PAIGE | : | |
| AND CATHY E. PAIGE 2002 TRUST, | : | |
| SUCCESSOR BY ASSIGNMENT | : | |
| FROM 3M INVESTMENTS, INC. | : | |
|          Movants | : | |
| | : | |
|          v. | : | |
| | : | |
| THOMAS M. JOHNSON, III | : | |
|          Respondent | : | |

**ANSWER TO MOTION OF ALAN POLLOCK, RICHARD PAIGE, AND CATHY E. PAIGE 2002 TRUST, FOR ORDER MODIFYING AUTOMATIC STAY UNDER SECTION 362(d) AND (e) OF THE BANKRUPTCY CODE**

AND NOW, comes Debtor-in-Possession, Thomas M. Johnson, III, by and through his counsel, Law Offices of Craig A. Diehl, answering the Motion of Alan Pollock, Richard Paige and Cathy E. Paige 2002 Trust, Successor by Assignment from 3M Investments, Inc. for Order Modifying Automatic Stay Under Section 362(d) and (e) of the Bankruptcy Code as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. Documents speak for themselves.

7. Denied. After diligent research, Debtor, Thomas M. Johnson, III, has insufficient knowledge of the averments and proof thereof is demanded at trial.

8. Denied. The averments contained in Paragraph 8 contain legal conclusions to which no responsive pleading is required.

9. Denied. The averments contained in Paragraph 9 contain legal conclusions to which no responsive pleading is required.

10. Denied. After diligent research, Debtor, Thomas M. Johnson, III, has insufficient knowledge of the averments and proof thereof is demanded at trial.

11. Denied. After diligent research, Debtor, Thomas M. Johnson, III, has insufficient knowledge of the averments and proof thereof is demanded at trial.

12. Denied. Debtor believes the debt is an unsecured non-priority debt in the confirmed Chapter 11 Plan.

13. Denied. The averments contained in Paragraph 13 contain conclusions of Movant's state of mind to which Debtor, Thomas M. Johnson, III, has no knowledge and proof thereof is demanded at trial.

14. Denied. Proof thereof is demanded at trial

15. Denied. The averments contained in Paragraph 15 contain conclusions of Movant's state of mind to which Debtor, Thomas M. Johnson, III, has no knowledge and proof thereof is demanded at trial.

16. Denied. The averments contained in Paragraph 16 contain conclusions of law to which no responsive pleading is required.

WHEREFORE, Debtor-in-Possession respectfully requests that the Motion of Alan Pollock, Richard Paige and Cathy E. Paige 2002 Trust, Successor by Assignment from 3M Investments, Inc. for Order Modifying Automatic Stay Under Section 362(d) and 362 (e) of the Bankruptcy Code be denied.

        Respectfully submitted,

        LAW OFFICES OF CRAIG A. DIEHL

Date: February 27, 2015        By: /s/ Craig A. Diehl
        Craig A. Diehl, Esquire
        Attorney ID No. 52801
        3464 Trindle Road
        Camp Hill, PA 17011
        (717)763-7613
        Attorney for Debtor

Case 1:10-bk-01151-RNO    Doc 407    Filed 02/27/15    Entered 02/27/15 17:22:19    Desc
Main Document    Page 3 of 3